UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CHRIS ALLEN DYKES, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 1:13-cv-00041 ) Senior Judge Haynes ) |
| GERALD McALLISTER, Warden,[1] | ) ) ) |
| Respondent. | ) |

## MEMORANDUM

Petitioner, Chris Allen Dykes, a state inmate, filed this pro se action under 28 U.S.C. § 2254, seeking the writ of habeas corpus to set aside his two state convictions for facilitation of first degree murder. In his petition, Petitioner asserts the following claims: (1) Petitioner's convictions are in violation of his constitutional rights because the offense of facilitation of attempted first degree felony murder does not exist under Tennessee state law; (2) Petitioner's constitutional rights to effective assistance of counsel and a fair trial were violated as Petitioner's counsel failed to explain adequately the offenses charged and possible sentence, Petitioner's counsel failed to preserve a record and Petitioner's counsel misled Petitioner into entering into a plea agreement; and (3) Petitioner was actually innocent. (Docket Entry No. 1). After a review of the petition, the Court appointed the Federal Public Defender to represent Petitioner. (Docket Entry No. 16). The Court granted appointed counsel the opportunity to obtain discovery. (Docket Entry No. 48).

---

[1]Pursuant to Fed. R. Civ. P. 25(d), Gerald McAllister, Warden, was substituted as the party defendant for the formerly named Warden, Sharon Taylor. (Docket Entry No. 51, Order).

In his amended petition[2] (Docket Entry No. 49), Petitioner's claims, in essence, are: (1) that Petitioner's trial counsel failed to investigate adequately the circumstances of the shooting of Officer Norman Dalton and thereby neglected to identify and develop witnesses and evidence that could have supported Petitioner's account that he had no foreknowledge of Michael Murphy's access to a weapon or intent to shoot at Officers Dalton and Burrow and had not advised Murphy to shoot at the officers; (2) that prior to his guilty plea Petitioner's trial counsel failed to properly advise him regarding (a) the elements of the charged offenses as well as lesser included offenses, (b) how the State's evidence bore on those elements, (c) available defenses and how the evidence bore on such defenses, (d) the likelihood of conviction, (e) his sentencing exposure if convicted, and (f) whether to accept the State's plea offer; (3) that Petitioner's trial counsel failed to file a motion to withdraw the plea despite Petitioner's confusion about the terms of his plea and his request for such a motion; (4) that Petitioner received incomplete advice from trial counsel and the trial court regarding the precise offense(s) to which he was pleading guilty, his actual criminal history classification, and the felony class of the offense(s) of conviction; and (5) that Petitioner is factually innocent of criminal responsibility for, and criminal responsibility for facilitation of, attempted first-degree murder.

Before the Court is Respondent's motion to dismiss. (Docket Entry No. 52). Respondent contends, in sum: (1) that the petition is time-barred; (2) that the petition contains claims that are procedurally defaulted; and (3) that Petitioner has failed to show good cause for equitable tolling.

---

[2]Rule 15 of the Federal Rules of Civil Procedure applies to a habeas proceeding. Mayle v. Felix, 545 U.S. 644, 649 (2005); Rule 6(a), Rules Governing Section 2254 Cases. Under Fed. R. Civ. P. 15 (a), the filing of an amended complaint supersedes the prior complaint. Clark v. Tarrant County, 798 F.2d 736, 740-41 (5th Cir. 1986). Thus, the Court deems the amended petition to supersede the pro se petition. Unless adopted and supported by legal memorandum, the Court deems the claims in the pro se petition to be waived.

In response (Docket Entry No. 54), Petitioner's appointed counsel states that he "has carefully reviewed the applicable law, the materials received in discovery, and the pleadings and record in [Petitioner's] case, and will not be filing a substantive response to the State's arguments for dismissal."

For the reasons set forth below, the Court concludes that based upon a review of the state record, Petitioner is not entitled to habeas relief as his petition is time-barred under 28 U.S.C. § 2244(d)(1).

## A. Review of the State Record

On May 19, 1999, the Marshall County Grand Jury returned a ten-count indictment against Petitioner. Counts one and four charged the offense of criminal responsibility for attempted first degree murder, and counts two and five charged the offense of criminal responsibility for facilitation of attempted first degree murder. Dykes v. Sexton, No. E2011-00592-CCA-R3-HC, 2012 WL 601741, at *1 (Tenn. Crim. App. Feb. 24, 2012). On September 22, 1999, Petitioner pleaded guilty on counts one and four and was sentenced to twenty-six years on each count to run concurrently. The Tennessee Court of Criminal Appeals noted:

> The petition to enter a plea of guilty read as follows: "1 + 4—Criminal responsibility for facilitation of attempted 1st degree murder, A felony. 26 yrs on each to run concurrent with each other." The judgment forms for counts one and four listed the charged and convicted offenses as "Criminal Responsibility Conduct Another." In the area provided to list the applicable Tennessee Code Annotated sections, the judgments referenced only "39–13–202," the first degree murder statute. The offenses were classified as Class A felonies and the Petitioner was sentenced as a Range II, multiple offender to 26 years with the sentences to run concurrently.

Id.

On July 5, 2002, Petitioner filed a state post-conviction petition. On July 22, 2002, without an evidentiary hearing, the post-conviction court dismissed the petition as untimely. Id. Petitioner did not appeal, but on March 28, 2005, filed a motion to reopen his post-conviction petition alleging that he "was not informed that he had a right to appeal the original dismissal of his post-conviction petition since the petition was dismissed without a hearing on the merits." Dykes v. State, No. M2005-00948-CCA-R3-PC, 2006 WL 264613, at *1 (Tenn. Crim. App. May 30, 2006). On April 6, 2006, the post-conviction court denied Petitioner's motion to reopen, finding that both the motion and the petition were untimely. Id. On appeal the Tennessee Court of Criminal Appeals affirmed the order of dismissal. Dykes, 2012 WL 601741, at *1. On May 30, 2006, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. Id.

On July 27, 2010, Petitioner filed a state habeas corpus action that the state trial court dismissed on the grounds that the Petitioner failed to attach "'complete, legible judgments for the two convictions he [was] challenging'" and that his "claim was a challenge to the sufficiency of the evidence and not cognizable in a habeas corpus proceeding.'" Id. at *2. On appeal, Petitioner contended that the habeas corpus court erred by dismissing his petition on procedural grounds and that the judgments against him were void because they reflected a conviction of criminal responsibility for first degree murder when he was indicted for criminal responsibility for attempted first degree murder, essentially arguing "that his judgments reflected convictions for a more serious offense than he had been charged." Id. at *1, 4. On February 24, 2012, the Tennessee Criminal Court of Appeals held that the habeas court erred by summarily dismissing the petition on procedural grounds, but affirmed the dismissal on the grounds that Petitioner did not state a cognizable claim for habeas relief. Id. at *3-4. As to Petitioner's claims that the judgments incorrectly listed him as

4

having been convicted of a crime that he was not indicted for and to one that he did not plead guilty, the Tennessee Criminal Court of Appeals concluded:

> Based upon the record before us, we believe that there are two likely scenarios regarding the Petitioner's guilty plea. The first and most likely is that the Petitioner pled guilty to criminal responsibility for attempted first degree murder as charged in counts one and four of the indictment. In that case, the judgments failed to list the complete name of the offense and failed to list all of the applicable Tennessee Code Annotated sections. Such an omission would amount to a mere clerical error. See Joey Lee Smith v. Kevin Myers, No. M2005-01732-CCA-R3-HC, 2005 WL 3681656, at *2 (Tenn.Crim.App. Jan.18, 2006) (citing McChristian v. State, 159 S.W.3d 608, 610 (Tenn.Crim.App.2004)). Therefore, the omission "would not give rise to void judgments," and the judgments should be corrected to reflect that the charged and convicting offenses were criminal responsibility for attempted first degree murder and to list all three applicable Tennessee Code Annotated sections, 39-11-402, -12-101, and -13-202. Id.; see also Cantrell v. Easterling, 346 S.W.3d 445 (Tenn.2011).
>
> On the other hand, there is evidence that the Petitioner may have pled guilty to criminal responsibility for facilitation of attempted first degree murder. Criminal responsibility for attempted first degree murder would be a Class A felony while criminal responsibility for facilitation of attempted first degree murder would be a Class B felony. See Tenn.Code Ann. §§ 39-11-403(b), -12-107(a). If the Petitioner had pled guilty to criminal responsibility for facilitation of attempted first degree murder, then his 26-year sentence would be outside the range for a Class B felony committed by a Range II offender. See Tenn.Code Ann. § 40-35-112 (1999). However, a "plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." Hoover v. State, 215 S.W.3d 776, 780 (Tenn.2007). Had the Petitioner pled guilty to criminal responsibility for facilitation of attempted first degree murder, his sentence would still be below the maximum 30-year punishment authorized for a Class B felony, and the sentence would be legal on the face of the judgment. See Tenn.Code Ann. § 40-35-111(b)(2) (1999). Accordingly, we conclude that the petition fails to state a cognizable claim for habeas corpus relief, regardless of which offense the Petitioner pled guilty to. Therefore, we affirm the habeas corpus court's summary dismissal of the petition on the grounds stated in this opinion.

Id. at *4 (footnotes omitted).

On April 29, 2013, Petitioner filed this action. (Docket Entry No. 1). Respondent moves to dismiss on the grounds that the petition is untimely and the claims are procedurally defaulted.

### B. Conclusions of Law

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244(d)(1), provides that a person convicted in state court has one (1) year from the time his conviction becomes final on direct appeal to file a federal petition. In Lindh v. Murphy, 521 U.S. 320, 327-29 (1997), the Supreme Court held that the AEDPA was to be applied prospectively, i.e., beginning after April 24, 1996. Where a federal habeas action is stayed pending exhaustion of state court remedies, the federal limitations period is tolled. Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Aside from the "stay and abeyance" rule, the federal limitations period can be equitably tolled under the Court's equitable jurisdiction. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005).

In addition, under 28 U.S.C. § 2244(d)(2), "[t]he time <u>during which a properly filed application for State post-conviction</u> or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). "The [statutory] tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (quoting Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)) (internal quotation marks omitted). "[A]n application for post-conviction relief is 'properly file' within the meaning of § 2244(d)(2) 'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.

These usually prescribe, for example, . . . the time limits upon its delivery.'" Id. at 603 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)).

In Vroman, the habeas petitioner asserted that his state post-conviction petition was timely under the Ohio law and thus, tolled the federal statute of limitations for his federal habeas action. Id. at 602. In Vroman, the Sixth Circuit ruled that unless the State post-conviction proceedings effectively tolled the federal habeas limitations period, Plaintiff's federal claim was untimely because, "[t]he timeliness of an Ohio prisoner's post-conviction is governed by the state statute." Id. At 603. As that Court explained:

> "[F]ederal courts . . . defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law." Israfil, 276 F.3d at 771; see also Godfrey v. Beightler, 54 Fed.Appx. 431, 2002 WL 31805606, at *2 (6th Cir. Dec. 10, 2002) (stating that "federal courts defer to the state court's interpretation of state filing requirements"). In Israfil, the Sixth Circuit held that "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." 276 F.3d at 771 (citations omitted). Therefore, the Israfil court concluded that the district court properly deferred to the Ohio state court's finding as to whether the petitioner's post-conviction motion had been submitted according to Ohio's timeliness requirements. Id. at 771-72; see also Raglin v. Randle, 10 Fed.Appx. 314, 2001 WL 523530, at *1 (holding that "untimely state collateral attacks are not properly filed and do not toll the statute of limitations" and therefore concluding that the petitioner's post-conviction petition did not toll the statute of limitations because it was dismissed as untimely under Ohio law). Here, as in Israfil, the district court properly concluded that Ohio's determination of whether Vroman's post-conviction petition was properly filed governs whether such action tolls the statute of limitations under § 2244(d)(2).

Id. at 603.

The Sixth Circuit emphasized that "[t]his court . . . does not function as an additional state appellate court reviewing state court decisions on state law or procedure. Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." Vroman, 346 F.3d at 604 (citations omitted).

7

Applying Vroman, the Court concludes that the timeliness of the Petitioner's state post-conviction petition is governed by the state courts' determinations. Without a timely state post-conviction petition, there was not any tolling of the federal habeas statute of limitations. Petitioner did not file this action one year after his conviction became final and thus, this action is untimely under 28 U.S.C. § 2244(d). To be sure, a federal habeas action is subject to equitable tolling that is a judicial doctrine excusing the literal enforcement of the federal habeas statute of limitations. Holland v. Florida, 560 U.S. 631, 645-49 (2010). "[A] [habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks and citation omitted). Yet, the equitable tolling doctrine "is applied sparingly by federal courts." Vroman, 346 F.3d at 604; Souter, 395 F.3d at 588; Thomas v. Smith, 49 F. App'x 576, 578 (6th Cir. 2002) (petitioner dif not presents any of the "rare and exceptional" circumstances that would entitle him to equitable tolling of the applicable statute of limitations.). A "petitioner bears the burden of demonstrating that he is entitled to equitable tolling." Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004).

The Supreme Court has also stated that a "credible showing of actual innocence" may allow a petitioner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. McQuiggin v. Perkins, _U.S._, 133 S. Ct. 1924, 1931 (2013). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). A petitioner must show "'it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence.'" McQuiggin, 133 S. Ct. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). In evaluating whether a petitioner has

made a sufficient showing of innocence, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." Id. Yet, "tenable actual-innocence gateway pleas are rare." Id. at 1928.

As applied here, Petitioner does not submit any proof to warrant the application of the equitable tolling doctrine or a showing of actual innocence. For these same reasons, the Court concludes that an evidentiary hearing is not warranted. 28 U.S.C. § 2254(e)(2).

Thus, the Court concludes that this action should be dismissed as untimely under the federal statute of limitations for habeas actions.

An appropriate Order is filed herewith.

**ENTERED** this the ___1st___ day of June, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge